IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 13-20031-01-DDC |
| **MICHAEL J. WUELLNER, JR. (01),** | |
| **Defendant.** | |

**MEMORANDUM AND ORDER**

On September 25, 2020, defendant Michael J. Wuellner, Jr. filed two motions—(1) a motion under 18 U.S.C. § 3582(c)(1)(A) styled as an "Emergency Motion for Compassionate Release for an Expedited Ruling" (Doc. 67) and (2) a Motion to Appoint Counsel (Doc. 68). The government filed a single Response (Doc. 74) addressing both motions. Counsel for defendant entered an appearance on October 14, 2020. *See* Doc. 73. Defense counsel filed a Reply on behalf of Mr. Wuellner (Doc. 76). Because defense counsel entered an appearance after Mr. Wuellner filed his request for counsel, the court concludes that the Motion to Appoint Counsel (Doc. 68) is moot and dismisses it accordingly.

The court thus turns its focus to the Motion for Compassionate Release (Doc. 67). For reasons explained below, the court dismisses that motion for lack of subject matter jurisdiction.

**I.    Background**

On March 15, 2013, a grand jury returned an Indictment charging Mr. Wuellner with multiple drug trafficking and firearms offenses. Doc. 1 at 1–10. He entered a guilty plea to the drug trafficking conspiracy and multiple counts of felon in possession of a firearm. *See* Doc. 31;

Doc. 32 at 1–2.  He faced a sentencing guideline range for imprisonment of 168–210 months.  Doc. 50 at 24 (PSR ¶ 123).  On January 6, 2014, our court sentenced Mr. Wuellner to a below-guidelines sentence of imprisonment of 120 months.  Doc. 56 at 2.  On September 25, 2020, Mr. Wuellner filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Doc. 67 at 1.

## II.    Legal Standard

"'Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]'"  *United States v. James*, 728 F. App'x 818, 822 (10th Cir. 2018) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "After entry of final judgment, a district court has jurisdiction only to the extent permitted by statute or rule."  *Id.*

Title 18 U.S.C. § 3582(c) announces a general rule that the "court may not modify a term of imprisonment once it has been imposed[.]"  But the statute also recognizes certain exceptions.  Even after it has imposed a term of imprisonment, the sentencing court may modify that term "upon motion of the defendant after [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).  "Under that statute, a district court may reduce a sentence if, after considering any applicable sentencing factors in 18 U.S.C. § 3553, it finds 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'"  *United States v. Haynes*, 827 F. App'x 892, 895 (10th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  "Unless the basis for resentencing falls within one of the specific categories authorized by

section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request." *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (second alteration in original, citations and internal quotation marks omitted) (vacating district court's Order denying motion under § 3582(c)(1)(A) and remanding with instructions to dismiss motion for lack of jurisdiction); *see also United States v. Harris*, No. 15-40054-01-DDC, 2020 WL 7122430, at *1– 2 (D. Kan. Dec. 4, 2020) (discussing our Circuit's reading of § 3582(c) as jurisdictional).

### III.     Discussion

#### A.     Exhaustion or Lapse Under 18 U.S.C. § 3582(c)(1)(A)

An inmate seeking compassionate release under § 3582(c)(1)(A) must first "request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies." *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020) (citations omitted); *see also* 18 U.S.C. § 3582(c)(1)(A). The court properly may consider a defendant's motion under § 3582(c)(1)(A) filed after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A). "In other words, if a warden lets 30 days pass without responding to an inmate's request under § 3582(c)(1)(A), the inmate may proceed directly to file a motion with the court who imposed the prison term." *Harris*, 2020 WL 7122430, at *2–3 (discussing competing readings of "the lapse of 30 days").

The government concedes that plaintiff satisfies the exhaustion or lapse requirement. Doc. 74 at 9. The court agrees. Mr. Wuellner filed his internal request for a recommendation for compassionate release on July 24, 2020.[1] *See* Doc. 74-1 at 1. More than 30 days passed before the warden responded on September 8, 2020 and denied the request. Doc. 67 at 12–13.

---

[1]     The actual date written is "7-24-2021"—the court construes the request as dated July 24, 2020.

3

Satisfied that the statutory exhaustion requirement does not bar Mr. Wuellner's motion, the court now considers whether Mr. Wuellner shows extraordinary and compelling reasons that might warrant sentence modification.

### B.  Whether Mr. Wuellner Shows Extraordinary and Compelling Reasons Exist

The government concedes that Mr. Wuellner asserts a medical condition—severe obesity—during the COVID-19 pandemic that qualifies as an extraordinary and compelling reason under § 3582(c)(1)(A) given "DOJ policy and CDC guidance." Doc. 74 at 16.[2]  The court agrees.  Mr. Wuellner asserts that he has a body mass index of 44.3—severe obesity.  Doc. 76 at 4.  The CDC designates severe obesity as a medical condition that puts individuals at increased risk for severe illness from COVID-19.  *See* CDC, People with Certain Medical Conditions (updated Dec. 29, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 4, 2021) ("Having . . . severe obesity (BMI of 40 kg/m$^2$ or above), increases your risk of severe illness from COVID-19.").

Satisfied that extraordinary and compelling reasons exist here, the court next considers whether the relevant sentencing factors under 18 U.S.C. § 3553(a) warrant the sentence modification Mr. Wuellner requests.

### C.  Whether 18 U.S.C. § 3553(a)'s Sentencing Factors Support Modification

The government opposes Mr. Wuellner's motion because, it argues, § 3553(a)'s sentencing factors disfavor his request.  Doc. 74 at 17.  The United States asserts that "a reduction to time-served would run counter relative to the nature and seriousness of his offense

---

[2]  And the government acknowledges that Mr. Wuellner does not necessarily pose a direct and immediate danger to society at large.  *See* Doc. 74 at 17.

and the need for his sentence to provide just punishment and otherwise promote respect for the law." *Id.*; *see also* 18 U.S.C. § 3553(a)(1)–(2)(A).

The difference between a defendant's original sentence and proposed modified sentence is proportional to the difference in the court's § 3553(a) analysis necessary to render the sentence reduction appropriate under § 3582(c)(1)(A). *See United States v. Johnson*, No. 15-40064-01-DDC, 2020 WL 5981676, at *5–6 (D. Kan. Oct. 8, 2020) (discussing § 3553(a)).

If a proposed modified sentence strays too far from the original sentence, the § 3553(a) factors cannot support the sentence reduction, even where a defendant faces extraordinary and compelling circumstances. *See United States v. Pope*, No. 16-10039-JTM, 2020 WL 5704270, at *1 (D. Kan. Sept. 24, 2020) ("This court has concluded that compassionate release based on COVID-19 related concerns should be denied where the resulting sentence would materially depart from an appropriate § 3553(a) sentence" (citations omitted)); *United States v. Kaufman*, No. 04-40141-1-JTM, 2020 WL 4196467, at *2 (D. Kan. July 21, 2020) ("Even when an older inmate faces some serious medical condition, compassionate release should be denied if it would radically alter the appropriate § 3553 sentence." (citations omitted)); *cf. United States v. Edwards*, No. 17-40093-01-DDC, 2020 WL 7263880, at *3 (D. Kan. Dec. 10, 2020) (granting motion under § 3582(c)(1)(A) where defendant served nearly 95% of his sentence and already had transferred to a residential reentry center).

Here, Mr. Wuellner is set to complete his term of imprisonment on December 1, 2021. *See* Michael J. Wuellner, Reg. No. 23041-031, https://www.bop.gov/inmateloc/ (last visited Dec. 4, 2021). So, roughly 11 months, or 9%, of his 120-months term of imprisonment remain. He asks the court to modify his sentence by reducing his term of imprisonment to time served and adding a corresponding term of home confinement as a condition of his supervised release. *See*

Doc. 76 at 9–10. To grant this request would reduce the severity of Mr. Wuellner's sentence. The extent of that severity reduction is the difference between (1) 11 months of imprisonment and (2) 11 months of home confinement.

Replacing a period of imprisonment with a corresponding period of home confinement can mitigate the extent to which the sentence modification reduces the severity of the total sentence. *See Johnson*, 2020 WL 5981676, at *6. But home confinement and imprisonment are not exact equivalents. Here, home confinement would replace about 9% of the term of imprisonment. A conclusion that this modified sentence is "sufficient . . . to comply with the purposes" § 3553(a)(2) sets forth would require a change in the court's view of § 3553(a)'s factors.

Given Mr. Wuellner's incarceration and health conditions during the COVID-19 pandemic, the court's assessments of various factors under § 3553(a) have shifted.[3] The court concludes that several sentencing factors favor a lesser sentence today than when our court considered them during Mr. Wuellner's 2014 sentencing. But those factors have not shifted far enough for the court to conclude that the pertinent § 3553(a) factors—*in aggregate*—justify the modified sentence that Mr. Wuellner seeks. The court notes that the offense conduct included multiple illicit sales of firearms to undercover agents, and that Mr. Wuellner acknowledges two incidents in the BOP including assaulting another inmate, and attempting to dispose of an item during a search and becoming combative with staff. *See* Doc. 76 at 8; Doc. 74 at 18, 20.

The court concludes that the modified sentence that Mr. Wuellner requests fails to reflect the applicable sentencing factors and would not comply with the purposes that § 3553(a)(2) lists. Thus, modification of the imposed term of imprisonment is not warranted under § 3582(c)(1)(A).

---

[3] Mr. Wuellner also asserts his "efforts at rehabilitation[.]" Doc. 76 at 8; *see also* Doc. 76-1.

Since Mr. Wuellner's motion fails to satisfy the statutory requirements, the court lacks subject matter jurisdiction and must dismiss the motion.  *See Saldana*, 807 F. App'x at 819.

### IV.  Conclusion

Mr. Wuellner asks the court to modify his sentence by replacing the remainder of his term of imprisonment with a term of home confinement.  While the risks his medical condition presents to him while incarcerated during the COVID-19 pandemic do alter the court's analysis of certain sentencing factors under § 3553(a) to some extent, the shift is insufficient to permit the court to conclude that Mr. Wuellner's extraordinary and compelling reasons warrant the sentencing modification he seeks.  So, § 3852(c)(1)(A) does not permit the court to modify Mr. Wuellner's sentence.  The court must dismiss the motion for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Wuellner's Motion for Compassionate Release (Doc. 67) is dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED BY THE COURT THAT** Mr. Wuellner's Motion to Appoint Counsel (Doc. 68) is dismissed as moot.

**IT IS SO ORDERED.**

**Dated this 6th day of January, 2021, at Kansas City, Kansas.**

s/ Daniel D. Crabtree_____
**Daniel D. Crabtree**
**United States District Judge**